UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DALE CARMAN,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA STATE PRISON,<br><br>Respondent. | No. 24-cv-3755 DAD AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a county prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.   Background

   A.   State Trial Proceedings

Petitioner was convicted on multiple charges by a jury in Nevada County Superior Court Case No. F15-000007. ECF No. 1 at 1. He was sentenced to a prison term of twenty-five years to life plus eleven year four months. ECF No. 9-1 at 7.

   B.   State Post-Conviction Proceedings

Petitioner appealed his conviction and sentence to the California Third District Court of Appeal, alleging errors at trial and sentencing in violation of his constitutional rights. ECF No. 2 at 2; ECF No. 9-1. The Court of Appeal affirmed the conviction but vacated the sentence and remanded the case for resentencing consistent with retroactive changes to state sentencing law. ECF No. 9-1 at 28-30. Petitioner filed a petition for review in the California Supreme Court

1

(ECF No. 9-2), which was denied on December 27, 2023 (ECF No. 9-3). He did not petition for a writ of certiorari in the United States Supreme Court. ECF No. 1 at 3. At the time the motion to dismiss was filed, petitioner had a resentencing hearing scheduled for February 7, 2025, in the Nevada County Superior Court. ECF No. 9-4; ECF No. 10. Review of the superior court's docket shows that petitioner's resentencing has been continued multiple times since that date and the next hearing is currently scheduled for August 18, 2025.

### C. Federal Proceedings

Petitioner filed the instant petition on December 24, 2024, raising multiple grounds for relief.[1] ECF No. 1. Respondent filed a motion to dismiss the petition (ECF No. 10), which petitioner opposes (ECF No. 13).

## II. Motion to Dismiss

Respondent[2] seeks dismissal pursuant to Younger v. Harris, 401 U.S. 37 (1971), on grounds that petitioner's conviction was not final when the federal petition was filed and he is still pending resentencing. ECF No. 10. She also asserts that at least one of petitioner's claims will potentially be mooted by the state court proceedings. Id. at 1-2. She asserts that dismissal is required even if the state court proceedings conclude. Id. at 3.

In response, petitioner argues that his upcoming resentencing hearing is only to determine his sentence, not his guilt, and his petition challenges whether he "had a fair trial and all laws were followed." ECF No. 13. He requests that if his petition is dismissed, he be given permission to file another petition at a later date. Id.

## III. Abstention Doctrine

Under Younger v. Harris, federal courts may not interfere with a pending state criminal prosecution or related proceeding absent "extraordinary circumstances, where the danger of

---

[1] Since petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

[2] Respondent requests that Kathleen N. Ratliff, the warden of California Health Care Facility, be substituted as respondent in this case. ECF No. 10 at 1 n.1. The request will be granted, and the Clerk of the Court will be directed to update the docket accordingly.

irreparable loss is both great and immediate." 401 U.S. at 45. "<u>Younger</u> abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." <u>Arevalo v. Hennessy</u>, 882 F.3d 763, 765 (9th Cir. 2018) (quoting <u>San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose</u>, 546 F.3d 1087, 1091-92 (9th Cir. 2008)).

Abstention is appropriate if four requirements are met: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." <u>Id.</u> (alteration in original) (quoting <u>ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund</u>, 754 F.3d 754, 758 (9th Cir. 2014)). All four elements must be satisfied to warrant abstention. See <u>AmerisourceBergen Corp. v. Roden</u>, 495 F.3d 1143, 1149 (9th Cir. 2007).

IV.   Discussion

All four <u>Younger</u> abstention criteria are met in this case. First, petitioner's resentencing was admittedly pending in state court when the federal petition was filed, <u>see</u> ECF No. 1 at 7-8, 10-12; ECF No. 13, and appears to still be pending. Moreover, even if petitioner's resentencing and any subsequent appeal had concluded, it is the status of the state court proceeding at the time the federal petition was filed that matters for <u>Younger</u> purposes. <u>Beltran v. State of California</u>, 871 F.2d 777, 782 (9th Cir. 1988) (dismissal required under <u>Younger</u> if state court proceedings were ongoing at time action was filed even if they conclude before the court addresses the issue). Therefore, even if petitioner's state court proceedings conclude prior to the district judge's consideration of these findings and recommendations, the first <u>Younger</u> requirement is satisfied. See <u>id.</u>; <u>Kitchens v. Bowen</u>, 825 F.2d 1337, 1341 (9th Cir. 1987) ("[T]he critical question is not whether the state proceedings are still 'ongoing', but whether 'the state proceedings were underway before initiation of the federal proceedings.'" (quoting <u>Fresh Int'l Corp. v. Agric. Lab. Rels. Bd.</u>, 805 F.2d 1353, 1358 (9th Cir. 1986)).

////

Second, criminal proceedings indisputably implicate important state interests for Younger purposes. "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citing Younger, 401 U.S. at 44-45).

Third, California's appellate and post-conviction review process provides an opportunity for consideration of federal constitutional questions. It does not matter to the Younger analysis whether the specific federal claims petitioner wishes to present in this court are part of the pending state proceeding. See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n, 196 F.3d 1011, 1020 (9th Cir. 1999) ("The 'adequate opportunity' prong of Younger . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." (citations omitted)). In other words, where vital state interests are involved, a federal court should abstain "unless state law clearly bars the interposition of the constitutional claims." Moore v. Sims, 442 U.S. 415, 426 (1979). California law does not bar the presentation of petitioner's constitutional claims, and petitioner has in fact already raised at least some of his claims in the California courts.[3] See ECF No. 1 at 16-79 (state court briefing incorporated into petition); ECF No. 9-2 (petition for review). "[H]is lack of success does not render the forum inadequate." Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003).

Finally, consideration of petitioner's challenge to the validity of his conviction would have the practical effect of enjoining the state court proceedings. It is widely recognized that federal habeas proceedings regarding the validity of a conviction or sentence have the practical effect of enjoining or interfering with any ongoing state judicial proceedings in the underlying criminal case. Phillips v. Neuschmid, No. 2:19-cv-3225 RGK AFM, 2019 WL 6312573, at *2, 2019 U.S. Dist. LEXIS 204615, at *5 (C.D. Cal. Oct. 18, 2019) ("[C]ourts implicitly find that granting federal habeas corpus relief would have the practical effect of enjoining or interfering

---

[3] The court notes that while petitioner may seek to add additional claims after his resentencing has concluded, he has not demonstrated that he would not be able to bring those claims in his direct appeal, and any new claims would also be subject to exhaustion requirements.

with the ongoing state judicial proceeding, even where the state proceeding is limited to sentencing.") (collecting cases); adopted, 2019 WL 6310269, 2019 U.S. Dist. LEXIS 204569 (C.D. Cal. Nov. 22, 2019) (dismissing habeas petition on the ground of Younger abstention); see also Beltran, 871 F.2d at 782 (Younger requires dismissal even if state court proceedings have concluded prior to the district court addressing the issue and abstention order may simply result in refiling of the federal complaint).  This is true whether or not the aspect of the case being addressed in the state court proceedings is the same aspect of the case being challenged in the federal habeas petition.  See Edelbacher v. Calderon, 160 F.3d 582, 585 (9th Cir. 1998) (where petitioner had exhausted state court remedies with respect to the issue of guilt but the penalty phase was still ongoing, court "should not entertain petitioner's federal habeas petition in the absence of a penalty phase judgment in state court or until the existence of extremely unusual circumstances warrant an exception").  Here, granting petitioner the relief he seeks—release from confinement and the invalidation of his conviction—would have the practical effect of mooting or enjoining the ongoing appeal.  This is true regardless of the nature of the claims presented in the two forums, and it is precisely the sort of interference with state criminal justice systems that the Younger abstention doctrine seeks for foreclose.

Since all four Younger criteria are met, petitioner must show that extraordinary circumstances exist in order to proceed with this action.  However, petitioner has made "no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982).

V.     Conclusion

For the foregoing reasons, the requirements for Younger abstention are satisfied and the petition should be dismissed without prejudice.  Petitioner is advised that dismissal pursuant to Younger is without prejudice and the statute of limitations for bringing a federal habeas petition has not yet begun to run because the judgement in his criminal case is not yet final.  See 28 U.S.C. § 2244(d)(1)(A) (statute of limitations runs from date on which judgment becomes final). Once petitioner's conviction becomes final on conclusion of direct review, the one-year statute of

1  limitations will begin to run. Petitioner may file a petition in this court presenting his claims after
2  they have been exhausted in state court.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that respondent's request to substitute (ECF No. 10 at 1 n.1) is GRANTED. Kathleen N. Ratliff, the warden at California Health Care Facility, is substituted as respondent and the Clerk of the Court is directed to update the docket accordingly

IT IS FURTHER RECOMMNEDED that:

1. That respondent's motion to dismiss (ECF No. 10) be GRANTED; and
2. That the petition (ECF No. 1) be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: August 14, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE