UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DALE CARMAN,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN N. RATLIFF,<br><br>Respondent. | No. 2:24-cv-03755-DAD-AC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS PETITION<br><br>(Doc. Nos. 1, 10, 15) |

    Petitioner, now a state court prisoner proceeding *pro se*, filed an application for a writ of habeas corpus (Doc. No. 1), pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On August 15, 2025, the magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss the pending petition (Doc. No. 10), be granted. (Doc. No. 15.) Specifically, the magistrate judge concluded that because at the time the pending petition for federal habeas relief was filed petitioner was awaiting resentencing following a remand for that purpose by the California Court of Appeal, his judgment of conviction was not yet final. (*Id.* at 5.) In addition, the magistrate judge reviewed the four requirements for application of abstention under *Younger v. Harris*, 401 U.S. 37 (1971), found that all four were met here, and concluded that petitioner had made no showing of bad faith, harassment or other

1 | extraordinary circumstances that would make federal court abstention inappropriate.  (*Id.* at 3–6.)
2 | In recommending that respondent's motion to dismiss on *Younger* abstention grounds be granted,
3 | the magistrate judge noted that the dismissal of the pending petition should be without prejudice
4 | and that the applicable statute of limitations for the filing of a federal habeas petition under 28
5 | U.S.C. § 2244(d)(1)(A) had not begun to ran because petitioner's judgment of conviction was
6 | then not yet final.  (*Id.* at 5–6.)

The pending findings and recommendations were served upon the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 6.)  Neither party filed objections to the findings and recommendations and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a de novo review of the case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Having concluded that the pending petition must be denied, the court also declines to issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

/////

/////

Accordingly,

1. The findings and recommendations (Doc. No. 15) are adopted;

2. Respondent's motion to dismiss (Doc. No. 10) is GRANTED;

3. That the petition (Doc. No. 1) is DISMISSED without prejudice; and

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

IT IS SO ORDERED.

Dated:   **September 19, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE